UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| RODMIL SELMON (A 040 135 691) | CIVIL ACTION NO. 11-CV-0542 "P" |
| VERSUS | JUDGE HAIK |
| WARDEN VIATOR, ET AL | MAGISTRATE JUDGE HANNA |

## *REPORT AND RECOMMENDATION*

Pending before this Court is the respondents' motion to dismiss the *habeas corpus* petition filed by Rodmil Selmon. (Rec. Doc. 14). This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED.

## LAW AND ANALYSIS

On April 4, 2011, Rodmil Selmon initiated this lawsuit, filing a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 and seeking review of the lawfulness of his detention by the United States Dept. Of Homeland Security's Immigration and Customs Enforcement(ICE) for more than six months due to the inability to obtain travel documents necessary for his deportation to Haiti. (Rec. Doc. 1). In his petition, Selmon alleged that he is a native and citizen of Haiti, who first entered the United

States legally on March 6, 1986, with a permanent residence status, residing continuously in the U.S. since then. He had been detained at the South Louisiana Correction Center in Basile, Louisiana, in the custody of the United States Immigration and Customs Enforcement ("ICE") since September 1, 2010. (Rec. Doc. 1 at 3.) He further alleged that, on September 10, 2010, an immigration judge ordered him removed from the United States on the grounds that he has been convicted of crimes which constitute removal offenses pursuant to INA 237 or 212.

Selmon argues that, under *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), six months is the presumptively reasonable time period during which ICE may detain aliens in order to effectuate their removal. He further argues that the presumptively reasonable time period has elapsed. Selmon argues that his continued detention beyond the presumptively reasonable six month time period constitutes a statutory violation, a substantive due process violation, and a procedural due process violation. Selmon prayed that a writ of *habeas corpus* be issued directing that he be released from custody.

On July 5, 2011, the undersigned ordered Selmon's petition served on the government defendants and further ordered the defendants to answer the petition and inform the undersigned whether there was a significant likelihood of removal in the reasonably foreseeable future or whether Selmon's detention is otherwise lawful.

(Rec. Doc. 6). On July 27, 2011, the government responded to Selmon's petition (Rec. Doc. 12), detailing Selmon's extensive immigration and criminal histories and advising that the temporary suspension of removal of Haitians following the January 12, 2010 earthquake in Haiti had been lifted. Selmon submitted a response to the government's position on August 15, 2011. [Rec. Doc. 13]

On September 13, 2011, Selmon was removed to Haiti.[Rec. Doc. 14-2]

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of *habeas corpus* to persons "in custody in violation of the Constitution or laws or treaties of the United States...." Selmon was detained when his petition was filed and, therefore, the "in custody" requirement for *habeas* review was satisfied. After his petition was filed, however, Selmon was released from detention when he was removed to Haiti. (Rec. Doc. 14-2). Accordingly, the undersigned finds that Rodmil Selmon is no longer in ICE custody which renders his petition for a writ of *habeas corpus* factually moot.

Therefore, the undersigned recommends that the government's motion to dismiss (Rec. Doc. 14) be GRANTED, and that Rodmil Selmon's petition for writ of *habeas corpus* (Rec. Doc. 1) be DISMISSED WITHOUT PREJUDICE as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 19th day of September, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)